FILED
United States Court of Appeals
Tenth Circuit

December 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff − Appellee,

v.

BILLY JOE LAVERTY,

      Defendant − Appellant.

No. 15-5083
(D.C. No. 4:15-CR-00074-CVE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Billy Joe Laverty was charged with two counts of Interference with Commerce

by Robbery, Carjacking, and Discharging a Firearm During and in Relation to a

Crime of Violence.  He entered into a plea agreement with the government, which

contained a waiver of his appellate rights.  After he pleaded guilty pursuant to the

agreement, he was sentenced to a stipulated sentence of 300 months of imprisonment.

Despite the appellate waiver in his plea agreement, Mr. Laverty filed a notice of

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  The government then filed a motion to enforce the appellate waiver in Mr. Laverty's plea agreement consistent with the procedures outlined in our decision in *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004).

Under *Hahn*, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ."  *Id*. at 1325.  Mr. Laverty has filed a response to the motion to enforce in which he "concedes that, under the standard announced in [*Hahn*], the appellate waiver in his plea agreement is enforceable."  Aplt. Resp. at 1.  Accordingly, we grant the government's motion and dismiss this appeal.

Entered for the Court  
Per Curiam
